FILED
2018 Oct-30 PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "S"

Liberty Mutual INSURANCE

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-3840

| | |
|---|---|
| Date: | September 24, 2018 |
| To: | PETER BURKE<br>BURKE HARVEY, LLC<br>3535 GRANDVIEW PARKWAY<br>SUITE 100<br>BIRMINGHAM AL 35243 |
| Attn: | |
| Fax: | (205) 930-9054 |
| From: | Yasmine Toomasi<br>Appeal Review Consultant<br>Phone No.: Phone No.: (888) 437-7611<br>Secure Fax No.: (603) 334-3840 |
| Total Pages<br>(Including Cover): | 8 |
| RE:<br><br>Claim #: 7308280<br>Claimant: Richard Radcliffe<br><br>Rollins, Inc. | |

**Welcome to Lincoln Financial Group.**
Effective May 1, 2018, Liberty Life Assurance Company of Boston was acquired by The Lincoln National Life Insurance Company, a Lincoln Financial Group company. During the transition, you may receive communications from both companies. Please open and read all correspondence you receive about your benefits.
Thank you.

**Bienvenido a Lincoln Financial Group.**
A partir del 1 de mayo de 2018, Liberty Life Assurance Company of Boston pasó a pertenecer a The Lincoln National Life Insurance Company, una compañía de Lincoln Financial Group. Durante la transición, es posible que reciba comunicados de ambas compañías. Abra y lea toda la correspondencia que reciba sobre sus beneficios.
Muchas gracias.

This fax, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this fax, you are hereby notified that any dissemination, distribution or copying of this fax, and any attachments thereto, is strictly prohibited. If you have received this fax in error, please notify me by telephone at (888) 437-7611 and permanently shred the original and any copy of any fax and any printout thereof.

Liberty Mutual INSURANCE

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-3840

September 24, 2018

Peter S. Burke
Burke Harvey, LLC
3535 GRANDVIEW PARKWAY
SUITE 100
BIRMINGHAM, AL 35243

RE: Long Term Disability (LTD) Benefits
Rollins, Inc.
Claim #: 7308280
Claimant: Richard Radcliffe

Dear Peter Burke:

We reviewed Mr. Radcliffe's appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond April 28, 2018.

**Initial Claim Decision**

Mr. Radcliffe submitted a claim for his absence from work as of January 29, 2017, as a result of lumbar radiculopathy, other intervertebral disc displacement of the lumbar region and spondylosis without myelopathy. Mr. Radcliffe's LTD benefits began on April 29, 2017, therefore the change in definition of disability occurred on April 29, 2018 and to receive benefits beyond 12 months he must be disabled from any occupation as defined in the Policy. Benefits beyond April 28, 2018 were denied as the evaluation concluded Mr. Radcliffe was no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated February 15, 2018. Mr. Radcliffe was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt his claim should not have been denied, and submit additional information to support his claim. Specifically, Mr. Radcliffe was advised to submit the following information: A copy of all outstanding office visit notes, diagnostic test results, and procedure reports from January 29, 2017 to the date you confirm your appeal is complete from Dr. Vipool Goradia, Dr. Rick Placide, Dr. Hassan Zakaria and John Randolph Medical Center and any other treating providers, and a complete list of restrictions and limitations that would preclude you from your any occupation from all specialists; as well as any additional information which you feel will support your claim continuously beyond April 28, 2018. You should also provide any additional information that you feel will support your claim.

**Appeal**

In your letter of appeal dated August 13, 2018, you indicated this notice was the appeal for the denial of long term disability benefits for Mr. Radcliffe. You stated Liberty Mutual originally granted LTD benefits to Mr. Radcliffe commencing April 29, 2017. Although he remained disabled and unable to perform the material duties of his own occupation, by letter dated February 15, 2018, Liberty Mutual informed Mr. Radcliffe of its erroneous decision to deny benefits. Liberty Mutual claimed Mr. Radcliffe was capable of sedentary work and could perform other occupations and paid benefits through April 28, 2018.

You had enclosed for review the following: records from Dr. Hassan Zakaria, pharmacy records, declarations from Richard Radcliffe, Mary Radcliffe and Kenneth Radcliff and a pain diary. Also, additional treatment records had been requested and will be submitted upon receipt as you stated they should be considered in Mr. Radcliffe's appeal.

You stated the insurance contract at issue is subject to the ERISA statute. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit plans." Instead of acting as a statutory fiduciary, based on the handling of Mr. Radcliffe's claim thus far, you stated it appeared Liberty Mutual is engaging in utterly reprehensible claim handling procedures. As described in more detail below, Liberty Mutual's denial of benefits payable to Mr. Radcliffe was erroneous.

You stated Mr. Radcliffe suffers from continuous lower back pain because of lumbar radiculopathy, displacement of lumbar intervertebral disc, and lumbosacral spondylosis. All of these low back conditions cause Mr. Radcliffe to experience shooting pain in his lower back and down his legs. At times, it feels as if his foot was on fire. Further, Mr. Radcliffe has maintained a diary documenting fatigue, pain and stress, from the end of March, 2018 through the present. This pain diary shows in detail what Mr. Radcliffe experiences daily. His comments, or descriptors provide further insight into his daily tribulations.

You stated Mr. Radcliffe no longer sleeps in his bed but is forced to seek relief by spending his time in recliner. Although at times spinal injections have provided temporary relief, he continues to live in constant pain. Mr. Radcliffe's declaration clearly shows he cannot walk long distances or sit in a car for any length of time and he uses the assistance of a came to ambulate. Back surgery and physical therapy have not provided any relief to Mr. Radcliffe and he is now pursing the implantation of a spinal cord stimulator. These comments are supported with the declaration of his wife, Mary Radcliffe and his cousin, Kenneth Radcliffe, who has moved into Mr. Radcliffe's household to act as a surrogate caretaker.

You stated in conclusion, his current physical limitations would make it impossible for Mr. Radcliffe to perform any job on a full-time basis. Accordingly, Liberty Mutual should reinstate Mr. Radcliffe's benefits which have been erroneously denied.

In support of Mr. Radcliffe's claim, you submitted the following information:

- Medical records from Hassan Zakaria dated April 2, 2018 July 27, 2018
- Pharmacy records from CVS Pharmacy
- Declaration form Richard Radcliffe, Mary Radcliffe and Kenneth Radcliffe

- Richard Radcliffe's pain diary
- Medical records from Melissa Deleon, NP dated August 3, 2017 through September 8, 2017
- Physical Therapy records dated July 24, 2017 through December 6, 2017
- MRI of Lumbar spine dated October 30, 2017

**Appeal Evaluation**

During the claim evaluation of ongoing benefits, Dr. Zakaria provided a restrictions and limitations form dated February 6, 2018 indicating that Mr. Radcliffe had sedentary work capacity with additional restrictions of infrequent bending, and lifting no greater than 10 pounds. These restrictions were utilized to evaluate Mr. Radcliffe's capacity to perform Any Occupation, defined below.

Mr. Radcliffe 's claim was reviewed by a vocational consultant, for a transferrable skills analysis based on his prior work history, educational background, and/or life experience and capacity within the restrictions and limitations above. The analysis showed he had the following skills:

Technical Skills:

- Knowledge of an assortment of tools and related equipment
- Adhere to object specifications or standards
- Ability to read measuring instruments
- Knowledge of toxins and chemicals
- Ability to complete repetitive tasks and work independently.

Communication Skills:

- Communicate effectively with others
- Ability to recognize problems/concerns
- Inform and consult with staff and customers
- Excellent customer service capabilities

Supervisory Skills:

- Assign, delegate and direct the work of others.
- Work with people and work under stress.
- Lead, oversee, and supervise the activities of others.
- Excellent reasoning abilities.
- Reviewing others' work for accuracy.
- Ability to train and teach others.

Based on these skills and the restrictions and limitations outlined above, Mr. Radcliffe was able to perform the following occupations:

| **Occupation** | **National Mean Monthly Wage** |
|---|---|
| Assembler, Small Parts | $2698 |
| Security Reception/Badge Checker | $2478 |
| Cashier | $1807 |
| Information Clerk | $2427 |
| Order Clerk | $2930 |

During the review of Mr. Radcliffe appeal, his claim was reviewed by Dr. Behzad Emad, independent physician, board certified in physical medicine and rehabilitation with a sub specialty certificate in pain medicine.

Dr. Emad indicated the supported diagnoses by the medical evidence are lumbar radiculopathy, other intervertebral disc displacement of the lumbar region and spondylosis without myelopathy or radiculopathy in the lumbosacral region and deep peroneal neuropathy.

Dr. Emad indicated Mr. Radcliffe's reported low back pain and left lower extremity symptoms despite having an L3-L4 discectomy on July 25, 2017. His EMG showed left personal neuropathy, left tibial F-wave findings may represent a proximal sciatic/tibial nerve or nerve root lesion. He received facet joint injections and steroid injections but with limited benefits. The physical examinations showed there was tenderness over the lumbar spine region and bilateral sacroiliac joint, pain with range of motion of the lumbar spine, diminished bilateral ankle reflex, diminished left lower extremity and positive Facet loading test.

Dr. Emad noted Mr. Radcliffe does have functional impairment that translates into restrictions and limitations from April 29, 2018 through the present.

- Sitting up to one hour at a time with a total of six hours in an eight hour day
- Standing up to 30 minutes at a time for a total of two hours in an eight-hour day
- Walking up to 30 minutes at a time for a total of two hours in an eight-hour day
- No restrictions handling, fingering, grasping, pinching, gripping and use of hand controls
- No restrictions reaching at desk level and reaching overhead above the shoulders
- Occasional reaching below the waist level
- Occasional carrying/lifting and pushing/pulling up to 10 pounds of weight
- Occasional stair climbing and use of foot controls
- Kneeling, squatting, crawling, crouching, bending, stooping and twisting
- Climbing ladders and/or performing task/activities working at unprotected heights

Mr. Radcliffe reported persistent low back pain and left lower extremity pain despite physical therapy and lumbar injections. Physical examinations showed tenderness over the lumbar spine region and bilateral sacroiliac joint, pain with range of motion of the lumbar spine, diminished bilateral ankle reflex, diminished left lower extremity and a positive Facet loading test. Due to his persistent pain, he had placement of a spinal cord stimulator trial on July 27, 2018

The duration of the outlined restrictions and limitations is three months from the date of the September 6, 2018 report. Mr. Radcliffe has ongoing treatment, including a trial of a spinal cord stimulator. A re-evaluation is advised to determine the continued necessity of the supported restrictions/limitations.

Mr. Radcliffe is able to perform full duty with the above-outlined restrictions and limitations from April 29, 2018 through the present.

Mr. Radcliffe reported some improvement in physical therapy with no instability, no gait problems and no deficit in range of motion of the lumbar spine. He was not a candidate for any further surgery. Hence, Dr. Emad believed he is capable of performing full-time duty but with restrictions and limitations secondary to ongoing pain.

Additionally, Dr. Emad attempted to contact Dr. Hassan Zakaria on August 31, 2018, September 4, 2018 and September 5, 2018. Messages were left at time asking for a return call.

Mr. Radcliffe's claim was reviewed by a vocational consultant, for a transferrable skills analysis based on his prior work history, educational background, and/or life experience and capacity within the restrictions and limitations above. The analysis showed based upon review of the previously completed Transferable Skills Analysis as well as the updated restrictions and limitations provided by Dr. Emad, it is noted to be that the occupations identified within the previous report remain viable occupational alternatives with the exception of the positions Cashier and Assembler, Small Parts.

Based on these skills and the restrictions and limitations outlined above, Mr. Radcliffe was able to perform the following occupations:

| **Occupation** | **National Mean Monthly Wage** |
|---|---|
| Information Clerk (e.g. mall, airport, visitor's center) | $2,470 |
| Order Clerk, Industrial/Other (telephonic) | $2,945 |
| Security Reception/Badge Checker | $2,562 |

**<u>Conclusion,</u>**

We conducted a thorough and independent review of Mr. Radcliffe's entire claim. In summary, we acknowledge he may have continued to experience some symptoms associated with his condition beyond April 28, 2018. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting his symptoms and impairments remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering Mr. Radcliffe unable to perform the duties of the occupations identified as being with in his functional capacity and vocational skills after that date.

Having carefully considered all of the information submitted in support of Mr. Radcliffe's claim, our position remains that proof of his continued disability in accordance with the Policy provisions after April 28, 2018 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**<u>Policy Provisions</u>**

In order to continue receiving benefits, Mr. Radcliffe must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*
*Applicable to Class 1a, 2a:*

*b. i. if the Covered Person is eligible for the 12 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 12 months of*

*Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation, with respect to Class 1 and Own Job, with respect to Class 2; and*

*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted bytraining, education, experience, age, physical and mental capacity.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
*Proof must be submitted in a form or format satisfactory to Liberty.*

***Discontinuation of the Long Term Disability Benefit***
*The Monthly Benefit will cease on the earliest of:*
*8. the date the Covered Person is no longer Disabled according to this policy;*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Mr. Radcliffe was entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information he wished to be considered as part of the appeal. Liberty has conducted a full and fair review of his appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, Mr. Radcliffe's administrative right to review has been exhausted; no further review will be conducted by Liberty and his claim will remain closed. Mr. Radcliffe may request to receive, free of charge, copies of all documents relevant to his claim. Mr. Radcliffe has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Rollin's Inc. Company Group Inc. Group Disability Income Policy contains the below provision:

**Legal Proceedings**

A claimant or the claimant's authorized representative cannot start any legal action:
1. until 60 days after proof of claim has been given; nor
2. more than 1 year after the time proof of claim is required.

For purposes of this claim, the time proof of claim is required is based on the date of the denial letter, February 15, 2018. The contractual statute of limitations period under the Legal Proceedings

provision would begin on February 15, 2018 and will expire on February 15, 2019.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Rollin's Inc. policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If Mr. Radcliffe requires language translation assistance, please contact Liberty Life to initiate a service provided free of charge to assist with understanding his claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́į́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Yasmine Toomasi
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16299
Secure Fax No.: (603) 334-3840