FILED
2019 Jan-02 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD RADCLIFFE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **2:18-cv-1797-AKK** |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | ) | |
| | ) | |
| Defendant. | ) | |

# ALND UNIFORM INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS

***PLEASE TAKE NOTICE:***

**All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.**[1]

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) to confer, as soon as practicable, but in no event later than forty-five (45) days from the first appearance of a defendant, for the purposes of considering the nature and basis of their claims and defenses; the possibilities for a

[1] By appearing in this case and practicing in this court, each attorney or *pro se* party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules.

prompt settlement or resolution of the case; to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of magistrate judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby ORDERED to meet at 10:00 a.m. on the last Friday falling within the forty-five day period in the chambers of the undersigned judge. If use of the court's chambers is required, counsel should telephone chambers at least seven days prior to the required meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

**A. Form of Report**

The court expects a report of the parties' planning meeting, in the general format of the scheduling order available at http://www.alnd.courts.gov/content/judge-abdul-k-kallon to be jointly filed by the parties with the Clerk of Court within fourteen (14) days after the meeting. Should the parties disagree about an item, the positions of the parties as to that

item should be clearly set forth in separate paragraphs.

The report also should contain a synopsis of the case advising the court of the general claims and defenses of the parties. **When preparing the report, be aware that the case should be ready for trial within twelve (12) months from the date of service of the complaint unless extraordinary circumstances exist.** Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

**B. Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Fed. R. Civ. P. 26 planning meeting to be executed by the party from whom such "protected health information" is sought. The parties shall include in their report a deadline (specific date) by which the authorization will be executed. Alternatively, the parties may present to the court a "qualified protective order" in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties.

**C. Suitability of Action for Alternative Dispute Resolution**

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference. The results of all these discussions shall be included in the report of the parties' planning meeting to be filed with the court.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client. Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

**D. Commencement of Discovery**

The parties are authorized to commence discovery pursuant to the terms of Fed. R. Civ. P. 26 immediately after the required report has been filed. In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be deemed to have been filed on the

date the report required by Fed. R. Civ. P. 26(f) is filed in this court.

The parties may elect, but are not required, to file discovery notices, requests and responses with the Clerk of Court. Even if the discovery notice or request is filed with the Clerk of Court, the discovery response does not have to be filed. Counsel are reminded to review the court's Administrative Procedures Manuals for electronic filing (on the court's website) for the importance of redacting or sealing personal identifiers (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

**E. Dismissal of Non-Served Defendants**

***Take Notice***: Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

**F. Hand Deliveries**

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in

addition to the original, such copy shall be clearly identified as a 'courtesy copy' and include the CM/ECF case number, document, date, and page stamp on each page. All hand deliveries, unless otherwise instructed, are to be delivered to the Clerk's Office for delivery to the court's chambers. Fax copies are not accepted.

**G. Electronic Submissions**

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF. Except in extraordinary circumstances, all filings shall be consistent with the court's Administrative Procedures Manuals for civil and criminal cases. Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov. Once an attorney has so registered, his or her registration becomes permanent, and he or she is not required to re-register in each individual case. Documents filed through CM/ECF must be in pdf (Portable Document Format).

As part of the CM/ECF system, the court has established a "chamber's email address" for each judicial officer. The address for the undersigned judge's chambers is kallon_chambers@alnd.uscourts.gov. This email address has been established to enable parties to submit proposed orders or other requested documents to the judge in WordPerfect format, or otherwise to

communicate with the judge on **matters directly related to a case**. **Non-case-related communications should NOT be sent to the chambers email address**. Ex parte communications are not acceptable; all communications to the chambers email address must show a copy to all opposing counsel or *pro se* parties. Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel should not copy the chambers email address with communications, arguments, debates, or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorney's fees from the opposing party pursuant to any statute or other law, the party must, with the exception of cases pending before Judge William M. Acker, Jr., comply with the following requirements as a precondition to any such award:

> (a) Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring

and general subject matter of the conference).

(b) If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c) Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month.

(d) Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the Clerk of Court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e) A Petition for Attorney's Fees shall be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

***Take Notice*: Failure to comply with the foregoing requirements will normally result in attorney's fees being disallowed.**

## III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the **PLAINTIFF(S) MUST** file with the Clerk of Court at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1): (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

## IV. MOTION PRACTICE

### A. Summary Judgment Motions

Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order.

### B. Motions (Other than Summary Judgment Motions)

Motions filed in this action (other than summary judgment motions) ***must comply*** with ***all*** requirements of **Appendix III** to this order. Prior to filing any motion (other than a potentially dispositive motion) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose

the motion.  All motions **SHALL** include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed."  In addition to the requirements of Fed. R. Civ. P. 37(a)(2)(A), the first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement.

**C. Motion of Counsel to Withdraw**

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion seeking permission of the court to do so, explicitly stating the grounds therefor.  Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court.  The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (last known address of the party)."

**D. Type Size**

The court requires all documents created by counsel for submission to the court to be in 14 point type, except that footnotes may be in 12 point type.

DONE and ORDERED this 2nd day of January, 2019.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

**APPENDIX I**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
________ DIVISION

| | | |
|---|---|---|
| AAA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | |
| BBB, | ) | |
| | ) | |
| Defendant(s). | ) | |

**QUALIFIED HIPAA PROTECTIVE ORDER**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this ________ day of __________, 20__.

______________________________________
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

## APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

**NOTICE**

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to summary judgment motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

### SUBMISSION DATES

The parties to the above-styled action have received or will receive a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. The movant's reply submission shall be filed not later than 11 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to

opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

### A. Format

Initial and response briefs are limited to thirty (30) pages. Reply briefs are limited to ten (10) pages. Briefs that exceed twenty (20) pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty (50) words, which may be block indented from the left and right margins and single spaced) using fourteen (14) point typeface, preferably Times New Roman.

## B. Number Submitted

The parties must file the original brief with the Clerk of Court or electronically using the CM/ECF system. For those filing a physical brief (i.e., *pro se* litigants or parties filing briefs under seal) with the Clerk of Court, the parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the original, clearly identified as a "courtesy copy," *three-hole punched and securely bound by three-ring binder* for ease of use, *and*, to prevent inadvertent loss of pages.[2] Electronic filers shall submit to the Clerk's Office for delivery to chambers an exact "courtesy copy" of the brief, which includes the CM/ECF case, document, date, and page stamp on each page, that same day or, if after hours, by noon the next business day. All parties shall also e-mail to the court's chambers a copy of their brief in **<u>WordPerfect format</u>** at kallon_chambers@alnd.uscourts.gov.

[2] This requirement applies as well to the parties' evidentiary materials in support of their respective positions.

## C. Manner of Stating Facts

**The court no longer requires the parties to state their facts in numbered paragraphs or to respond "admit" and "deny" to each other's numbered paragraphs.** Nonetheless, all briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions, including page and line citations for depositions. Opposing and reply briefs that take issue with a party's alleged undisputed facts must also cite to the specific page and line of a deposition or the specific portion of the evidentiary record that purportedly contradicts the alleged undisputed fact. Any statements of fact that are disputed by either party must be followed by a specific reference, by page and line, to those portions of the evidentiary record upon which the dispute is based. *All additional material facts set forth in the response will be deemed to be admitted for summary judgment purposes unless controverted by the reply.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

## REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file electronically or with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and, when appropriate, the line number.

### A. Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: e.g., "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (i.e., "Exhibit A" or "Exhibit 1"); and, if the exhibit

contains more than one page, each page must be separately numbered.[3] **Counsel are directed to submit entire depositions, even if relying only on excerpts**, in travel transcript format consisting of no more than four pages of deposition text per 8½ by 11 page.

[3] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

## APPENDIX III

## NON-SUMMARY JUDGMENT MOTION SCHEDULING ORDER[4] AND SUBMISSION GUIDELINES

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, this order establishes the schedule and requirements for the submission of such. Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

### A. Schedule

1. Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

2. The opponent's responsive brief shall be filed not later than **seven (7) calendar** days thereafter, unless otherwise ordered by the court. (NOTE: If the due date falls on a weekend or court holiday, the due date shall be the next

---

[4] NOTE: The following instructions do not apply to summary judgment motions unless an order of the court specifically provides otherwise. Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at http://www.alnd.uscourts.gov/Kallon/KallonPage.htm.

business day.)

3. The movant's reply brief shall be filed not later than **three (3) calendar** days after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court. (NOTE: If the due date falls on a weekend or court holiday, the due date shall be the next business day.)

The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs. It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard, and counsel are expected to take care that service of copies is not unreasonably delayed.[5] Upon conclusion of the submission schedule, the court may take the motion under submission without further notice to the parties, and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

**B. Briefs**

The parties shall *electronically file* their briefs through the court's CM/ECF system and shall submit an exact courtesy copy of the brief, which includes the CM/ECF case, document, date, and page stamp on each page, to the Clerk's office

---

[5] The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1) business day later.

for delivery to the court's chamber.[6] The parties are then required to email their briefs, in **WordPerfect format**, to the chambers email address at kallon_chambers@alnd.uscourts.gov. The courtesy copy submitted to the Clerk's office for delivery to the court's chamber, as well as files sent via email, shall contain the exact same materials and only the materials which are electronically filed through the court's CM/ECF system. There must be no differences between the electronically "filed" briefs and the "courtesy copy" provided to the court, except that the courtesy copy submitted for the court's chamber *must* be three-hole punched and securely bound by a three-ring binder for ease of use and to prevent inadvertent loss of pages. In the event of a later appeal, the court will look unfavorably upon motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not electronically "filed" with the Clerk.

Briefs should be entitled "[Movant's or Opponent's] [Initial, Responsive, or Reply] Submission, and if applicable, "[In Response to (document title)]" to ensure that the brief will be filed by the Clerk in the official court record. Briefs exceeding twenty (20) pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief. Tables of Contents

[6] Deliveries are no longer accepted in the court's chamber unless prior arrangements have been made.

shall not be included for purposes of computing the number of pages in a brief.

**1. Page Limitation – Dispositive motions other than summary judgment (e.g., motion to remand, motion to dismiss)**

Initial and response briefs must be (1) typewritten, (2) double-spaced, (3) in fourteen (14) point type, except footnotes may be in twelve (12) point type, and (4) limited to fifteen (15) pages, exclusive of exhibits. Reply briefs are limited to five (5) pages.

**2. Page Limitation – Non-dispositive motions (e.g., motion to compel, motion to quash)**

Initial and response briefs must be (1) typewritten, (2) double-spaced, (3) in fourteen (14) point type, except footnotes may be in twelve (12) point type, and (4) limited to ten (10) pages, exclusive of exhibits. Reply briefs are limited to five (5) pages.

**C. Required Certification**

Counsel for either party (or any individual under the direction or control of a party) signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response, or reply, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual

allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language, an overly broad citation of evidence, or misstatements of the law, and that all submissions are non-frivolous in nature.

**D. Oral Argument**

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing. Oral argument is not required, but either party may submit a request for oral argument by serving a request on the court and opposing party. Requests for oral argument must be separately submitted for delivery to the court's chamber (not filed or requested within the motion or brief). The court will permit oral argument if it appears it is necessary or would be helpful to the motion's expedient and appropriate disposition.