FILED
2019 Feb-21 PM 12:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD RADCLIFFE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:18-cv-01797-AKK** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | ) | |
| | ) | |
| **Defendant.** | ) | |

# REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February __, 2019, and was attended by Peter Burke on behalf of Plaintiff Richard Radcliffe ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant Liberty Life Assurance Company of Boston ("Defendant").

1. **Nature of the Case and General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Rollins, Inc., to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, Liberty Life Assurance Company of Boston. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that termination of her benefits were wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

2. **Discovery**[1]

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter;

(iii.) All defenses raised by Defendant in this matter; and

(iv.) Conflict of interest and bias issues.

---

[1] Defendant's position is that the "arbitrary and capricious" standard is appropriate in this case, discovery should be limited at this time to the administrative record relevant to the Plaintiff's claim for benefits.

Plaintiff's position: In accordance with the United States Supreme Court's decision in Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), Plaintiff is entitled to limited discovery regarding any conflict of interest Defendant operates under as well as limited discovery regarding bias and structural conflict. Plaintiff expects this discovery could be completed solely through interrogatories and/or document requests, unless something unusual is discovered that might necessitate a deposition.

b. All discovery commenced in time to be completed by **June 28, 2019.**

3. **Initial Disclosures**. The parties have exchanged the information required by Local Rule 26.1 (a)(1).

4. **Electronically Stored Information**. Any electronically stored information generated as part of the claim process will be produced as part of the claim file. Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

5. **Limitations on Interrogatories:** Maximum of **25** interrogatories (including discrete subparts) by each party to any other party. Responses due **30** days after service.

6. **Limitations on Requests for Production:** Maximum of **25** requests for production (including discrete subparts) to any other party. Responses due **30** days after service.

7. **Limitations on Requests for Admission:** Maximum of **25** requests for admission by each party to any other party. Responses due **30** days after service.

8. **Limitations on Depositions:** Maximum of **5** depositions by plaintiff and **5** by defendant. Each deposition is limited to a maximum of **8** hours unless extended by agreement of the parties or order of the court.

9. **Reports from retained experts under Fed. R. Civ. P. 26(a)(2)**: Due from plaintiff by **April 2, 2019**, and from defendant **May 2, 2019**

10. **Supplementation of disclosures and discovery under Fed. R. Civ. P. 26(e) are due** as soon as reasonably possible after new information is discovered, but no later than **30** days before the close of discovery.

11. **Parties and Pleadings:** The parties should be allowed until **June 7, 2019** to join additional parties and to amend the pleadings and until **July 5, 2019** to respond to any above-mentioned amendments.

12 **Dispositive Motions:** All potentially dispositive motions should be filed by **September 2, 2019**.

13. **Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) and lists of deposition designations for trial testimony** should be due pursuant to the terms of the pretrial order. The parties shall have **14** days after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

14. **Motions in Limine:** All motions in limine should be filed **15 days prior to trial**.

15. **Additional Conferences: Final Pretrial Conference requested 45 days prior to trial date**.

16. **Mediation:** The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

17. The case should be ready for a non-jury trial on or after **December 2, 2019** and at this time is expected to take approximately **1-2 days**.

18. **Other Items.**

a. An agreement by all parties could not be reached regarding consent to final dispositive jurisdiction by a magistrate judge.

b. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

c. There are no other related cases or proceedings pending before another judge of this court or before another court or administrative body.

d. The parties believe this is a non-complex case.

Respectfully Submitted,

*/s/ Peter H. Burke*

Peter H. Burke, Esq.
ASB-1992-K74P
**BURKE HARVEY LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054
Email: pburke@burkeharvey.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*
**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT